**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO**      5:22CV-173-BJB

**[Filed Electronically]**

**AMANDA SHELTON**
**and CODY SHELTON**                                                              **PLAINTIFFS**

**vs.**

**WESTERN KENTUCKY CORRECTIONAL**
**COMPLEX**                                                                          **DEFENDANT**
       **Serve:  Justice and Public Safety Cabinet**
                **Office of Legal Services**
                **125 Holmes Street, Second Floor**
                **Frankfort, KY 40601**

**KY DEPT. OF CORRECTIONS COMMISSIONER**
**COOKIE CREWS**                                                                     **DEFENDANT**
       **Serve:  Justice and Public Safety Cabinet**
                **Office of Legal Services**
                **125 Holmes Street, Second Floor**
                **Frankfort, KY 40601**

**WARDEN BOBBI JO BUTTS**                                                 **DEFENDANT**
       **Serve:  Justice and Public Safety Cabinet**
                **Office of Legal Services**
                **125 Holmes Street, Second Floor**
                **Frankfort, KY 40601**

**DEPUTY WARDEN CHRIS HATTON**                                      **DEFENDANT**
       **Serve:  Justice and Public Safety Cabinet**
                **Office of Legal Services**
                **125 Holmes Street, Second Floor**
                **Frankfort, KY 40601**

**DEPUTY WARDEN JON TANGEROSE**                                    **DEFENDANT**
       **Serve:  Justice and Public Safety Cabinet**
                **Office of Legal Services**
                **125 Holmes Street, Second Floor**
                **Frankfort, KY 40601**

**SR. CAPTAIN CANDY DICKERSON**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

**SARGEANT MICHAEL NOTTOM**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

**LIEUTENANT TAMMY ELKINS**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

**SARGEANT RYAN MALLORY**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

**SARGEANT ZACHARY FOSTER**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

**CAPTAIN ZAKKARY EUBANKS**                                    **DEFENDANT**
    **Serve:  Justice and Public Safety Cabinet**
        **Office of Legal Services**
        **125 Holmes Street, Second Floor**
        **Frankfort, KY 40601**

## **COMPLAINT**

Plaintiffs, Amanda Shelton and Cody Shelton, by counsel, Sacha L. Armstrong of Robert

John and Associates, P.C., for their Complaint states as follows:

2

## JURISDICTION AND VENUE

1.  Plaintiff, Amanda Shelton, seeks damages from Defendants under 42 U.S.C. § 1983 for actions at the Western Kentucky Correctional Complex ("WKCC") that were deliberately indifferent to her liberty, safety, health and welfare and in violation of the rights guaranteed her by the Fifth and Ninth Amendments to the United States Constitution, resulting in her injuries.  This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and § 1343.  This Court has jurisdiction over the state law claims, below, pursuant to 28 U.S.C. § 1367, because the claims form part of the same case and controversy as the above federal action.  Venue is proper in this district, pursuant to 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred in Lyon County, Kentucky.

## PARTIES

2.  Plaintiffs, Amanda and Cody Shelton, are residents of Union County, Kentucky.

3.  Defendants, WKCC is a governmental entity that, pursuant to the Kentucky Constitution, Kentucky Revised Statutes, and Kentucky Administrative Regulations, is responsible for the incarceration of prisoners, operated and managed the WKCC, and established or failed to establish policies and procedures for the screening, hiring, employment, retention, supervision, training, and conduct of the Warden, and employees, officers and deputies.

4.  Defendant Cookie Crews is believed to be a resident of Oldham County and on the date of the assault that is the subject of this Complaint was acting in her individual and/or official capacity as the Commissioner of the Kentucky Department of Corrections and was responsible for the administrative oversight of the Department of Corrections and

3

established or failed to establish policies and procedures for the health, welfare and safety of persons on the premises of WKCC.

5. Defendant Warden Bobbi Jo Butts is believed to be a resident of Caldwell County and on the date of the assault that is the subject of this Complaint was acting in her individual and/or official capacity as the Warden of WKCC and was responsible for the incarceration of prisoners, operated and managed WKCC, and established or failed to establish policies and procedures for the health, welfare and safety of persons on the premises, and the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at WKCC.

6. Defendant Deputy Warden Chris Hatton is believed to be a resident of Marshall County and on the date of the assault that is the subject of this Complaint was acting in her individual and/or official capacity as the Deputy Warden of WKCC and was responsible for the incarceration of prisoners, operated and managed WKCC, and established or failed to establish policies and procedures for the health, welfare and safety of persons on the premises, and the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at WKCC.

7. Defendant Deputy Warden Jon Tangerose is believed to be a resident of Lyon County and on the date of the assault that is the subject of this Complaint was acting in his individual and/or official capacity as the Deputy Warden of WKCC and was responsible for the incarceration of prisoners, operated and managed WKCC, and established or failed to establish policies and procedures for the health, welfare and safety of persons on the premises, and the screening, hiring, employment, retention, supervision, training, and conduct of the employees, officers, deputies and any medical staff at WKCC.

8.  Sr. Captain Candy Dickerson is believed to be a resident of Henderson County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in her individual and/or official capacity as an employee or agent of Defendants WKCC, Commissioner Crews, Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

9.  Sgt. Michael Nottom is believed to be a resident of Lyon County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in his individual and/or official capacity as an employee or agent of Defendants WKCC, Commissioner Crews, Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

10. Lt. Tammy Elkins is believed to be a resident of Webster County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in her individual and/or official capacity as an employee or agent of Defendants WKCC, Commissioner Crews, Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

11. Sgt. Ryan Mallory is believed to be a resident of Lyon County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in his individual and/or official capacity as an employee or agent of Defendants WKCC, Commissioner Crews, Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

12. Sgt. Zachary Foster is believed to be a resident of Caldwell County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in his individual and/or official capacity as an employee or agent of

Defendants WKCC, Commissioner Crews, Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

13. Captain Zakkary Eubanks is believed to be a resident of Caldwell County and on the date of the assault that is the subject of this Complaint and at all other times relevant to this action, was acting in his individual and/or official capacity as an employee or agent of Defendants WKCC, Commissioner Crews Warden Butts, Deputy Warden Hatton and/or Deputy Warden Tangerose.

## FACTS AND ALLEGATIONS

14. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein.

15. On January 12, 2022, Plaintiff Amanda Shelton, was employed by Shelton Forensic as a mental health professional and was providing services to inmates on the premises of Defendant WKCC;

16. On said date, WKCC officers escorted inmate Jamie Forrester to Plaintiff, Amanda Shelton, for mental health services;

17. Officers then left Inmate Forrester in Plaintiff's office without restraints and/or supervision;

18. Inmate Forrester physically attacked Plaintiff in her office on the WKCC premises;

19. On said date, the Defendant, WKCC and the Commonwealth of Kentucky, Defendants, and each of them, was negligent by failing to protect Plaintiff from physical assault while on the WKCC premises, failing to properly train and supervise the conduct of the personnel at WKCC, failing to adopt policies and procedures to protect the health and welfare of persons on the premises, failing to establish policies and procedures for the

supervision, training, and conduct of the employees, officers, medical staff, service providers and persons on the premises at WKCC, and failed to adhere to training, policies and procedures adopted to protect the safety, health and welfare of persons on the premises;

20. While acting under color of law WKCC and the Commonwealth of Kentucky, Defendants, and each of them, were deliberately indifferent to Amanda Shelton's health and safety by failing to protect her from physical assault while on the WKCC premises, failing to properly train and supervise the conduct of the personnel at WKCC, failing to adopt policies and procedures to protect the health and welfare of persons on the premises, failing to establish policies and procedures for the supervision, training, and conduct of the employees, officers, medical staff and service providers at WKCC, and failing to adhere to training, policies and procedures adopted to protect the safety, health and welfare of invitees on the premises;

21. Defendants' conduct, actions and/or omissions were deliberately indifferent, intentional, grossly negligent, negligent and/or objectively unreasonable.  Defendants breached their duty of care in their ministerial acts to ensure Amanda Shelton's health and safety on the premises;

22.  Defendants also acted in bad faith in the performance of their discretionary acts by demonstrating deliberate indifference to Amanda Shelton's health and safety while on the premises of and under the control of WKCC;

23. As a direct and proximate result of the conduct, actions and/or omissions of the Defendants, Plaintiff Amanda Shelton suffered severe and permanent bodily and psychological injuries and has sustained damages as follows:

a.     Medical, doctor, hospital, therapy and drug expenses necessary for the treatment of her injuries sustained;

b.     Past and future lost income; and

c.     Pain and suffering that will continue into the future.

WHEREFORE, Plaintiff, Amanda Shelton, prays for judgment against the Defendant in an amount which will reasonably and fairly compensate her for her damages and costs, and for any other relief just and proper in the premises.

### COUNT I – 42 U.S.C. § 1983
### Deliberate Indifference- Failure to Protect from Harm

24. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein;

25. The facts and allegations above demonstrate the Defendants acted with deliberate indifference to Amanda Shelton's health and safety by failing to protect her from physical harm;

26. Defendants knew or should have known that Inmate Forrester posed a potential risk to WKCC staff and other service providers on the premises.  Defendants knew that Inmate Forrester had a history of physical aggression towards prison staff because he was previously transferred from Green River Correctional Complex to WKCC following an assault on a corrections employee.   Defendants acted with deliberate indifference by disregarding the substantial risk of serious harm to Plaintiff Amanda Shelton;

27. Defendants' conduct was intentional, reckless, deliberate, wanton and/or malicious and, therefore, rises to the level of reckless disregard of, and deliberate indifference to, the

Constitutional rights of Amanda Shelton while under the control of and on the premises of WKCC;

28. As a direct and proximate result of the above acts by the Defendants, and each of them, Plaintiff Amanda Shelton suffered severe and permanent bodily and psychological injuries and has sustained damages as follows:

  a.  Medical, doctor, hospital, therapy and drug expenses necessary for the treatment of her injuries sustained;

  b.  Past and future lost income; and

  c.  Pain and suffering that will continue into the future.

WHEREFORE, Plaintiff, Amanda Shelton, prays for judgment against the Defendant in an amount which will reasonably and fairly compensate her for her damages and costs, and for any other relief just and proper in the premises.

### COUNT II – Negligence

29. Plaintiff realleges and incorporates by reference each paragraph of this Complaint, above, as though fully set forth herein;

30. As a direct and proximate result of the above negligence, gross negligence, and intentional, wanton, and with reckless disregard, acts of the Defendants, and each of them, Plaintiff Amanda Shelton suffered severe and permanent bodily and psychological injuries and has sustained damages as follows:

  a.  Medical, doctor, hospital, therapy and drug expenses necessary for the treatment of her injuries sustained;

  b.  Past and future lost income; and

  c.  Pain and suffering that will continue into the future.

WHEREFORE, Plaintiff, Amanda Shelton, prays for judgment against the Defendant in an amount which will reasonably and fairly compensate her for her damages and costs, and for any other relief just and proper in the premises.

**COUNT III – Loss of Consortium**

31. Plaintiffs reallege and incorporate by reference each paragraph of this Complaint, above as though fully set forth herein;

32. Plaintiff Cody Shelton is the lawful husband of Plaintiff Amanda Shelton;

33. As a result of the injuries sustained by Amanda Shelton, Plaintiff Cody Shelton sustained the loss of his wife's services and consortium;

WHEREFORE, Plaintiffs pray for judgment against the Defendant in an amount which will reasonably and fairly compensate them for their damages and costs, and for any other relief just and proper in the premises.

**WHEREFORE**, the Plaintiff, Amanda Shelton, demands judgment against the Defendants for damages in excess of the minimum dollar amount necessary to establish jurisdiction of this court, as follows:

(1) In an amount that will reasonably compensate for past and future medical, doctor, hospital, therapy and drug expenses;

(2) In an amount that will reasonably compensate for past and future lost income;

(3) In an amount that will reasonably compensate for pain and suffering incurred and which will be incurred in the future;

(4) For any and all general and special damages as supported by the evidence; and

(5) For the costs of this action, pre-judgment and post-judgment interest and all other legal

and equitable relief to which the Plaintiff may appear entitled, including trial by jury

on all issues.

**PLAINTIFF RESPECTFULLY REQUEST TRIAL BY JURY**

Respectfully Submitted,

BY:   /s/ *Sacha L Armstrong*
      Sacha L Armstrong
      Robert John & Associates, P.C.
      5820 Vogel Rd
      Evansville, IN  47715
      Telephone:  (812) 425-2718
      Facsimile:  (812) 425-2874
      Email:  sacha@rjohnlaw.com
      ATTORNEY FOR PLAINTIFFS