# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION

| | |
|---|---|
| AMANDA SHELTON & CODY SHELTON | PLAINTIFFS |
| v. | NO. 5:22-CV-173-BJB |
| WESTERN KENTUCKY CORRECTIONAL COMPLEX, ET AL. | DEFENDANTS |

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Amanda Shelton works as a mental health professional at the Western Kentucky Correctional Complex, where she alleges an inmate attacked her. Complaint (DN 1) ¶ 16. In response, Shelton sued WKCC, several guards, their supervisors, and the Director of the Department of Corrections. She asserts that WKCC and the natural-person defendants—acting in both their official and individual capacities—violated 42 U.S.C. § 1983 and owe her damages because they were deliberately indifferent to her safety in violation of the Fifth and Ninth Amendments to the U.S. Constitution. Complaint ¶ 1. She also brings state-law claims for negligence and loss of consortium. ¶¶ 29–33.

This order addresses—and grants—Defendants' motion to dismiss the official-capacity claims. DN 6.\*

"The [Eleventh] [A]mendment … bars suits for monetary relief against state officials sued in their official capacit[ies]." *Thiokol Corp. v. Dep't of Treasury, State of Mich.*, 987 F.2d 376, 381 (6th Cir. 1993). That is exactly what Shelton seeks in her complaint, as her own response forthrightly acknowledges: "Plaintiff recognizes that the named defendants may be afforded immunity for the performance of acts in their official capacity." DN 7 at 2; *see also id.* at 3 (similar). So Shelton's official-capacity claims against the Defendants for violating § 1983 fail as a matter of law. *See, e.g.*, *Barker v. Goodrich*, 649 F.3d 428, 433 (6th Cir. 2011) ("[T]o the extent Barker seeks monetary damages from [state] employees in their official capacity, his claims are barred by the Eleventh Amendment."); *Bailey v. Aramark Corp.*, No. 16-cv-343, 2017 WL 3841687 at \*5 (E.D. Ky. Sept. 1, 2017) (dismissing official-capacity claims against nurses employed at Kentucky corrections facility as barred by the Eleventh Amendment). This dismissal, as Shelton is quick to note, does not affect her individual-capacity claims against these Defendants. *See* DN 7 at 4 ("Defendants

---

\* The Defendants have filed a separate motion to dismiss Shelton's individual-capacity claims (DN 14), which the Court will address in a subsequent order.

1

Motion to Dismiss should be [d]enied to the extent that it dismisses any claims against the defendants in their individual capacities.").

The Eleventh Amendment also bars this Court from granting relief based on Shelton's state-law official-capacity claims. "[A] claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984).

But rather than rest solely on the Eleventh Amendment of the federal Constitution, the Defendants argue—apparently in the alternative—that the separate doctrine of governmental immunity under Kentucky law bars the state-law claims. *See Autry v. W. Ky. Univ.*, 219 S.W.3d 713, 717 (Ky. 2007) ("If a state agency is deemed to have governmental immunity, its officers or employees have official immunity when they are sued in their official or representative capacity."). Perhaps the Defendants' argument is meant to prevent Shelton from refiling these claims in state court, *see In re Ohio Execution Protocol Litig.*, 709 F. App'x 779, 781 (6th Cir. 2017), or perhaps it is just because cautious lawyers often use both a belt and suspenders. Either way, the Defendants are correct: both this court and the Kentucky Court of Appeals have held that the Department of Corrections—of which Western Kentucky Correctional Complex is a part, *see* Ky. Rev. Stat. § 196.026(3)(o)— is entitled to governmental immunity. So its employees are entitled to official immunity. *See Scherzinger v. Bolton*, No. 3:11-cv-11, 2013 WL 3821734 at *3 (W.D. Ky. July 23, 2013); *Mesker v. Rees*, No. 2008-CA-66, 2009 WL 1423995, at *1–2 (Ky. Ct. App. May 22, 2009). Again, Shelton offers no resistance and appears willing to drop her official capacity claims, *see* DN 7 at 4, which the Court now orders.

## ORDER

The Court grants the Defendants' motion to dismiss Shelton's official-capacity claims (DN 6) and dismisses those claims with prejudice.

Benjamin Beaton, District Judge
United States District Court

September 26, 2023