**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**Paducah DIVISION**
**CASE NO. 5:22-cv-00173-BJB-LLK**

**AMANDA SHELTON et al,**                                                                                       **PLAINTIFFS,**

**v.**

                                                                                                                **DEFENDANTS**

**WESTERN KENTUCKY**
**CORRECTIONAL COMPLEX et al,**

**SETTLEMENT CONFERENCE ORDER**

A status conference before Judge King was held in this case on Monday, January 13, 2025. All parties were represented by counsel. This matter was referred to U.S. Magistrate Judge Lanny King for a settlement conference. [DN 26].

Accordingly, **IT IS HEREBY ORDERED:**

<u>Counsel shall review the entirety of this Order. Counsel shall further send a copy of the Order and discuss it in detail with his or her client(s), as well as any persons required to attend the settlement conference (*see infra*). Anyone who fails to comply with any provision of this Order may be subject to the full range of sanctions authorized by law.</u>

**I.     ATTENDANCE AND AUTHORITY**

A settlement conference is set to take place at the Western District of Kentucky courthouse in Paducah on Wednesday, May 21, 2025, commencing at **10:00 AM Central Time.** Counsel who will try the case must be present, and each party, armed with full discretion, shall also attend. If a corporation or other collective entity is a party, a duly authorized party representative shall be present. If a party is a government entity, it shall appear by the presence of a representative with full authority to negotiate on behalf of the entity and to recommend settlement to the appropriate decision-making body or officer of the entity. Counsel for

Intervenor Plaintiff, Sequoia Insurance Company, shall attend in-person, and a duly authorized representative shall be readily available by phone.

    a) *Party Representatives Must Have Full Settlement Authority*

The party representative must have **full settlement authority**, meaning he or she must be fully authorized to approve a settlement and must have authority to change the party's valuation of the case and settlement posture at any point during the conference. If a party representative has a limit, or "cap," on his or her authority, or requires telephone consultation with the corporate office, this requirement is not satisfied.[1]

Unless specifically authorized in advance by the undersigned, all parties must participate in the conference in person. Participation by telephone, through another video conferencing platform, or other remote means is not permitted.

    **II.    CONDUCT AND CONFIDENTIALITY**

All attendees should strive to ensure that they can remain present for the duration of the settlement conference and should advise the Magistrate Judge's Chambers prior to the settlement conference if they foresee any problems.

Settlement conference memoranda and oral information, particularly but not limited to demands, offers, and counteroffers, disclosed to the Magistrate Judge or by the Magistrate Judge during the settlement conference shall be regarded as confidential by the Magistrate Judge, by counsel, and by attendees, shall not be associated with the court file of the case, and shall not be disclosed to any person who is not a participant in the settlement conference. The information

---

[1] *See Holly v. UPS Supply Chain Sols., Inc.,* No. 3:13-CV-980-DJH-CHL, DN 38 (W.D. Ky. Mar. 27, 2015), objections overruled by No. 3:13-CV-980-DJH-CHL, DN 58, 2015 WL 4776904, at *5-6, (W.D. Ky. Aug. 12, 2015) (Imposing sanctions for appearing at a settlement conference with representative who had to "call the home office" to obtain variance from a predetermined cap on authority in violation of the settlement conference order).

shall be regarded as confidential during the settlement conference and after the conclusion of the settlement conference.

### III.   SETTLEMENT CONFERENCE MEMORANDUM

a) *Ex Parte Settlement Conference Statements to the Court*

No later than the close of business on Wednesday, May 14, 2025, the Parties shall deliver directly to the Magistrate Judge, *ex parte* settlement conference statements that specify their respective settlement positions and **must include the following** (or state if any of the requested information is unknown):

1) A candid assessment of the strengths and weaknesses of both sides of the case;
2) An appraisal of the issue of liability;
3) A listing of the parties and the names and job titles of the party representative(s) who will be attending the settlement conference as well as a description of their relationship to the case at issue;
4) A description of any applicable or potentially applicable insurance coverage;
5) An itemization of special damages and evaluation of causation for same;
6) An evaluation of non-economic damages and evaluation of causation for same;
7) A description of the status of discovery to date and discovery to be taken in the future;
8) An assessment of the economic cost of proceeding to trial;
9) The status of settlement negotiations to date, including the amounts of any offers/demands made by each party; and
10) A description of any special terms, such as a confidentiality or indemnity provision, the party is requesting be included in a final settlement agreement. A party requesting any such special terms shall prepare a draft settlement agreement in advance of the settlement conference and be prepared to present a copy of same at any time throughout the settlement conference. The draft settlement agreement is not required to be attached to the settlement conference statement.

Each statement is to be furnished only to the Court and not the other side. The statements shall not be filed with the Clerk of the Court but shall be furnished by emailing same to the undersigned, in .pdf format, to **Judge_King_Chambers@kywd.uscourts.gov.**

Counsel is advised that the Magistrate Judge may conduct *ex parte* calls in advance of the settlement conference regarding attendance at the conference, the party's valuation of the case, and other matters related to settlement only.

    b) *Written Demand and Offer to Parties*

**IT IS ORDERED that at least fourteen days prior to the settlement conference**, Plaintiff shall submit a written itemization of damages and a settlement demand to Defendant's counsel with a brief explanation of why such a settlement is appropriate.

**No later than ten days prior to the settlement conference**, Defendant's counsel shall submit a written offer to Plaintiff with a brief explanation of why such a settlement is appropriate.

**IT IS FURTHER ORDERED** that if a party believes that special circumstances justify an exception to any part of this Order, including the individuals required to attend the conference, counsel for that party must contact Judge King's chambers by e-mail at **Judge_King_Chambers@kywd.uscourts.gov** at least fourteen days before the date of the scheduled conference. An exception to this Order will only be granted for extraordinary circumstances. No exception will be effective until it has been approved by the Court.

**IT IS SO ORDERED.**

January 30, 2025

                                                 Lanny King, Magistrate Judge
                                                 United States District Court

cc: Counsel of Record