UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **AMANDA SHELTON & CODY SHELTON** | **PLAINTIFFS** |
| v. | No. 5:22-cv-173-BJB |
| **WESTERN KENTUCKY CORRECTIONAL COMPLEX, ET AL.** | **DEFENDANTS** |

\* \* \* \* \*

### ORDER OF DISMISSAL

Federal Rule of Civil Procedure 41(b) authorizes district courts to grant a motion to dismiss a lawsuit if a plaintiff violates a court order or fails to prosecute the case. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991). Although federal courts afford *pro se* litigants leniency on matters that require legal sophistication, such as formal pleading rules, the same approach does not necessarily apply to court deadlines and other procedures readily understood by laypersons. *Id.* at 110. "[T]he lenient treatment of *pro se* litigants has limits," as the Court of Appeals has explained. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). "Where, for example, a *pro se* litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Id.* This is particularly true when a plaintiff simply fails to pursue the case at all. *Jourdan*, 951 F.2d at 110.

This lawsuit falls into that category. Plaintiffs Amanda and Cody Shelton were once represented, but their lawyer moved to withdraw, DN 52, and they are now representing themselves, DN 54. Because the Sheltons have failed to comply with numerous court orders, deadlines, and warnings, dismissal for failure to prosecute is appropriate. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "inherent" authority of trial judges to "clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

The Sheltons filed this lawsuit in 2022 against the Western Kentucky Correctional Complex, where Amanda Shelton once worked, and a host of individual defendants—most of whom also worked at that facility. *See* Complaint (DN 1). During several years of motions practice, Sacha Armstrong represented the Sheltons. The Court granted a motion to dismiss various official-capacity claims (DN 21) as well

as a motion to dismiss individual-capacity claims against several supervisory defendants (DN 25).

After discovery commenced, Magistrate Judge King held a May 2025 telephonic status conference regarding its conclusion. *See* Text Order (DN 50). Shortly after that conference, Armstrong moved to withdraw as counsel to the Sheltons, citing a disagreement about strategy going forward. Motion to Withdraw (DN 51). Judge King granted that motion and set another telephonic status conference in July. DN 52. But the Sheltons did not appear. DN 53. Judge King scheduled another status conference for September and ordered the Sheltons to confirm their availability to attend—or to have new counsel enter an appearance on their behalf. *Id.* That September conference date, too, came and went with no action by the Sheltons. DN 54.

Two weeks later, on September 16, Judge King issued a show-cause order, directing the Sheltons to demonstrate within 30 days why this matter should not be dismissed for failure to prosecute. *Id.* More than 90 days have passed since that order—with no further engagement by the Sheltons. So, on December 16, the remaining Defendants moved to dismiss with prejudice for failure to prosecute. DN 55.

The Court grants the motion. The Sheltons have, by now for nearly six months, manifestly failed to prosecute this case. "Although this court prefers that claims be adjudicated on their merits, dismissal is appropriate when a *pro se* litigant has engaged in a clear pattern of delay." *Jourdan*, 951 F.2d at 110. "This measure is available to the district court to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted). Trial judges therefore receive "substantial discretion" in exercising this authority in service of these broader goals of case management and judicial stewardship. *Id.* To be sure, "dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff." *Id.* But that harsh sanction may be appropriate, even with respect to dismissal with prejudice, under certain circumstances. *Id.* at 740, 742 (affirming dismissal of two plaintiffs' claims with prejudice).

To determine whether dismissal—either with or without prejudice—is appropriate, courts in this circuit consider (1) the plaintiff's "willfulness, bad faith, or fault" in causing the delay, (2) any prejudice the plaintiff has caused the defendants, (3) whether the court has warned the plaintiff "that failure to cooperate could lead to dismissal," and (4) "whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.* at 737 (citation omitted).

The Sheltons' conduct in this case justifies dismissal with prejudice. Their persistent failure to comply with this Court's orders and deadlines show "willfulness and fault." *Id.*. The Sheltons have now missed two scheduled hearings without explanation and ignored the Court's order asking for a reason—any reason—this case should not be dismissed given their apparent abandonment of the claims that survived the motion-to-dismiss stage. *See* DN 54. The Magistrate Judge has given the Sheltons every opportunity to reengage since their attorney withdrew, but those efforts have met with nothing but silence.

Importantly, the consequences of that delay and uncertainty affect more than just the Court. The remaining Defendants have borne the burden of "wasted time, money, and effort"—not to mention having serious allegations of misconduct loom over them years after the alleged facts—litigating a case that the Sheltons have largely abandoned. *See Schafer*, 529 F.3d at 737. Given the lack of any effect from repeated warnings that the claims could be dismissed, few options remain for the Court beyond indefinite delay. *See id.* at 738 ("[N]o alternative sanction would protect the integrity of the pretrial process."). Because the Sheltons are and have been on clear notice of the potential consequences of their persistent inaction, no reason is apparent why they should avoid that result now.

The Court therefore grants the Defendants' motion to dismiss (DN 55), dismisses the case with prejudice for failure to prosecute, and denies as moot any remaining motions.